17 STATE STREET, SUITE 820 • NEW YORK, NY 10004
T EL: (212) 267-2101 • WEB: www.rwapc.com

ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

July 14, 2023

Plaintiffs' request for leave to withdraw their motion for collective certification is GRANTED for substantially the reasons stated by Plaintiff in this letter.

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
*VIA ECF*

Dated: July 25, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   **Leitch et al. v. Amazon Services Com LLC**
       **SDNY Docket No.: 22-cv-06121-LGS**

Dear Judge Schofield,

I represent Plaintiffs in this matter. For the reasons that follow, I am writing to seek Your Honor's approval to:

1.   Withdraw Plaintiffs' Motion to conditionally certify a class under FLSA Section 16(b) (the "Motion") without prejudice to re-filing it at the close of discovery; or, alternatively,

2.   Allow Plaintiffs to file a Reply to Amazon's opposition at the close of discovery, and

3.   Direct Amazon to withdraw its cross-motion (the "Cross-Motion") which attacks one of the declarations submitted by Plaintiffs in support of the Motion, as moot or, in the alternative, stay the Cross-Motion and Plaintiffs' opposition thereto until the time Plaintiffs' Reply is filed.

I sought Defense counsel, Mr. Lynch's consent but he has not responded to this request even though he emailed me today about other issues. However, in his memorandum of law in opposition to the Motion, Mr. Lynch himself urges such an outcome. *See* Defendant's Memorandum of Law in Opposition at pp. 24-25 (DE 79) ("Memorandum"). I take it then that his silence to my request means his acquiescence to the request.

A movant may withdraw a pending motion prior to a decision with leave of the court. ***Walston v. City of New York***, 2023 U.S. Dist. LEXIS 87754 at *4 (S.D.N.Y. May 19, 2023). Generally, such leave should be freely given save for situations where a movant is involved in gamesmanship, will obtain an advantage or is faced an imminent negative decision. ***Id.*** None of these issues preventing a withdrawal is present here. Plaintiffs are withdrawing the Motion with leave to refile for practical reasons – because they need crucial computer evidence that Amazon so far has refused to provide and to conserve the judicial resources. The only gamesmanship at bar has been on display by the Amazon when it engaged in Swiss-cheese style production of crucial evidence that might contradict the misleading evidence it foisted in its opposition to the Motion. The only advantage is to Amazon because, under the controlling precedent, the standard to approve the collective class at the close of discovery will be more stringent than the one under which Plaintiffs have proceded presently. Thus, there is no prejudice to Amazon. Accordingly, Plaintiffs' request to withdraw the Motion should be granted.

At bar, contrary to Defendant's protestations, Plaintiffs have never deviated from the allegations concerning their wage and hour claims: the lunch break should be compensable because of the restrictions Amazon imposed on Plaintiffs and other workers and the shambolic

conditions in the breakrooms which forced Plaintiffs and others to wait on lines to purchase food and consume it, all of which prevented Plaintiffs from having the break to themselves. The only amendments to the original complaint were to bring in two more plaintiffs from the JFK8 warehouse and to add more detail owing to opposing counsel's feigned inability to comprehend what the allegations were.

As regards the Motion, among others, Plaintiffs have alleged when the lunch break actually began and when it ended, as well as the manner in which Amazon captured the time employees took for lunch and how it paid for it. Plaintiffs alleged that the lunch break began when it was called and they had to sign off from their electronic devices and walk away from their workstations and ended when Plaintiffs returned to their workstations and signed back onto their electronic devices. DNJ3 Plaintiffs also alleged that their lunch break lasted only 30 minutes until the Covid pandemic in late March of 2020.

In its opposition to the Motion, Amazon denies Plaintiffs' allegations and submits a number of affidavits and documentary evidence that the lunch period was captured by its clocks and paid for by Amazon accordingly. The most important document is a declaration by Christopher Albanese, a high level employee familiar with time records, who describes, among others, how the time records are captured and how they are transferred to Amazon's systems from the warehouses. Mr. Albanese also produces copious documents that support Amazon's position.

Put another way, Amazon presents to the Court the final product of its time keeping process. To contradict Amazon's position, and to have the Court better understand what really transpired, Plaintiffs need to analyze all the intermediate electronic data from Amazon's time keeping system as well as the productivity data. The problem is that Amazon's slow-walking of discovery production and failure so far to disclose all electronic data requested by Plaintiffs. In sum, Amazon produced to Plaintiffs in discovery what it submits in its opposition to the Motion, that is the final product. But it has refused to produce all the intermediate electronic time data in that would allow Plaintiffs to analyze whether and how the original data was changed or manipulated before it became a final product. Amazon also refused to produce any productivity software data which would shed light on when the lunch break started and ended. Amazon's failure to produce the electronic data has necessitated Plaintiffs' motion to compel such discovery, filed on May 28, 2023, which is presently pending. *See* Docket No. 90.

During the pendency of this Motion, Amazon produced *some* electronic time records, but according to Plaintiffs' expert, Mr. Hursti, these records are incomplete in a number of ways:
1. There are many record deletions and updates, accompanied by a number of "Insert Comment" fields, from which comments which would presumably explain alterations, are missing.
2. There are many records that show breaks of exactly 45 minutes to the second, which were entered hours after the indicated lunch break time.
3. Many records have been added into Amazon's system by a human user account at exactly the same time down to the second. This may indicate mass editing of time records.
4. There are records which traduce credulity: records input hours by a human in advance of the purported time; or numerous edits of the same time record by humans other than Plaintiffs.

The issues identified so far contradict the Albanese declaration in a number of ways, including his statements that the time records are transmitted from all warehouses very soon after

their entry or that the warehouse managers did not have the ability to change or manipulate the time records before they were automatically imported. Moreover, because there are what appear to be automated scripts deducting exactly 45 minutes from Plaintiffs' time, Plaintiffs need a second data source such as the productivity system data, or data from Plaintiffs' A to Z to determine the accuracy of the time records.

The main still unresolved issues that greatly affect the Motion are:

1.      If the lunch break actually lasted 30 minutes until late March 2020as alleged by Plaintiffs;

2.      If Plaintiff Leitch in May and June of 2020 was clocking in physically at the DNJ3 Warehouse, as alleged by him, or from home, as alleged by Amazon;

3.      If Amazon has an automated computer script which subtracts 45 minutes from Plaintiffs' time, regardless of when the lunch was taken or how much time each Plaintiff's lunch actually lasted.

Had Amazon timely produced all demanded records, the zero-sum nature of Plaintiffs' allegations as to the lunch break could have been fully resolved in either party's favor before this Motion was filed. In general, Amazon's other arguments– although numerous – are trivial.

Still further, during the pendency of this Motion, DNJ3 Plaintiffs when reviewing the hard copy time records and payroll documents produced by Amazon, that Amazon in fact failed to pay Plaintiff Leitch for full 28 days of work; for Plaintiff Samuels, for 15 days of work, and for Plaintiff Vitte-Ruiz, for a large number of days it did not pay her for all hours she worked. If these claims were confirmed in discovery, it would mean that DNJ 3 Plaintiffs have claims for minimum wage violations under the FLSA that might necessitate amending the complaint and the notice to the class.

In sum, Plaintiffs would have to raise all of these issues in their reply papers. Given the zero-sum nature of the lunch break allegations, which will affect potentially thousands of workers, Plaintiffs agree with Defendant that we should avoid a situation in which Your Honor engages in Sisyphus' work by potentially granting the conditional status to the class only to later have to decertify it should Plaintiffs fail to carry their burden of proof at the close of discovery.

Because completing discovery should not take a very long time and because by then under the controlling 2nd Circuit precedent, an analysis to certify an FLSA class will be akin to a Rule 23 motion, Plaintiffs propose a pragmatic solution that they withdraw the Motion with a view to refiling it along with a Rule 23 motion at the close of discovery, if their lunchbreak allegations can be sustained. Withdrawing the motion and refiling it later, rather than tabling the reply, will also allow for cleaner arguments without the need to supplement the record or arguments. This will no doubt conserve the judicial resources and save Your Honor from having to consider Defendant's bold – if not audacious – argument that Your Honor abuse her discretion by abandoning the controlling 2nd Circuit precedent, which mandates a two step certification of an FLSA class, and adopting different precedents from other Circuits.

For the all the foregoing reasons, Plaintiffs request that Your Honor grant their application as set forth above and permit the withdrawal of the Motion.

Respectfully submitted,
*/s/ Robert Wisniewski*
Robert Wisniewski

cc: All counsel of record via ECF