UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN LEITCH, et al.,

        Plaintiffs,

-against-

AMAZON SERVICES.COM LLC,

        Defendant.

22-CV-6121 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the conference held on November 17, 2023, plaintiffs' letter-motion dated June 28, 2023 (Dkt. 90), seeking to compel defendant to produce additional employee time and tracking data, is GRANTED IN PART, as follows:

    1.    **Additional Production**. No later than **December 1, 2023**, defendant shall supplement its discovery responses by producing (as to each of the named plaintiffs in this action) the following documents,[1] to the extent such documents are within its possession, custody, and control and have not already been produced:

        a.    From "MyTime" – Documents (in native format if feasible) showing plaintiffs' original punches in and out, whether via physical time clocks or via apps on their phones.

        b.    From "Lenel S2" – Documents (in native format if feasible) showing plaintiffs' "swipes" to enter and exit the building.

        c.    From "FCLM" – For those plaintiffs who used "RF" scanners or similar devices, documents (in native format if feasible) showing when they logged in and out as users of those devices.

---

[1] As used in this Order, the term "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). *See* Local Civ. R. 26.3(c)(2).

d. From "A to Z" – Documents (in native format if feasible) showing the days and times on which plaintiffs were scheduled to work.

2. **Updated Rule 34 Responses**. If and to the extent the documents described in ¶ 1 of this Order do not exist, or no longer exist, or for some other reason are not in defendant's possession, custody, and control and therefore cannot be produced, defendant shall, no later than **December 1, 2023**, update the relevant portions of its Objections and Responses to Plaintiffs' First Requests for the Production of Documents (*see* Dkt. 90-1), in accordance Fed. R. Civ. P. 26(e)(1)(B), 34(b)(2)(B), 34(b)(2)(C), and 34(b)(2)(D), confirming that it has produced all such documents within its possession, custody, and control, and specifying the reason(s) why no additional documents can be produced.

3. **Deposition**. If, after receipt of defendant's supplemental production and responses, plaintiffs have a good-faith basis to believe that defendant has additional documents in its possession, custody, or control that should have been produced pursuant to ¶ 1 of this Order, but were wrongfully withheld, plaintiffs may, no later than **December 22, 2023**, conduct defendant's deposition, pursuant to Fed. R. Civ. P. 30(b)(6), limited to defendant's ability to generate the data described in ¶ 1 of this Order, including the relevant capabilities of the four systems identified therein and defendant's retention policies.

4. **Hearing**. If, after conducting defendant's deposition, plaintiffs still have a good-faith basis to believe that defendant has additional documents in its possession, custody, or control that should have been produced pursuant to ¶ 1 of this Order, but were wrongfully withheld, the Court will conduct an evidentiary hearing to resolve the dispute on **January 12, 2024,** at **9:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties shall advise the Court by letter, no later than **December 29, 2023**, whether they believe such a

hearing is necessary. If so, they shall identify the witnesses they intend to call at the hearing and propose a schedule for any necessary pre-hearing briefing.

     5.    **Discovery Schedule**. The Court recognizes that the current discovery schedule (*see* Dkt. 112) will require modification. If there is no need for the hearing described in ¶ 4, the parties shall include in their December 29, 2023 letter a proposed schedule for the remainder of fact and expert discovery.

     6.    **Costs**. Because plaintiffs' motion has been granted only in part, the parties will bear their own expenses, including attorneys' fees, incurred in connection with obtaining this Order.

Dated: New York, New York  
       November 21, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**